UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARDO ANTONIO MONTOYA GARCIA (A No. 204 572 910),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-2920 DJC CKD P

FINDINGS AND RECOMMENDATIONS

On March 31, 2026, in 1:26-cv-0693 DJC CKD P, the assigned district court judge ordered that petitioner, who at the time was under Immigration and Customs Enforcement Agency (ICE) detention in McFarland, be provided with a hearing before an immigration judge within 14 days. The district court judge also ordered that petitioner would be entitled to release unless the Department of Homeland Security (DHS) showed, by clear and convincing evidence, that petitioner presented an unacceptable risk of flight or is a danger to the community.

The hearing was scheduled for April 13, 2026, but the hearing was not held to completion. ECF No. 22-2. An order issued the same day indicating petitioner withdrew his request for a hearing. Id. However, the hearing was to be held by order of this court, not a request made by petitioner.

On April 17, 2026, petitioner commenced this second 28 U.S.C. § 2241 action with the operative amended petition being filed June 25, 2026.[1] The court agrees with petitioner that he is entitled to habeas relief because of respondents' failure to comply with the March 31, 2026, order. It may have been appropriate to continue the April 13, 2026, detention hearing if, for example, petitioner needed more time to prepare. There does not appear to be any good cause for termination of the hearing.[2]

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] A second and untimely hearing was commenced on May 11, 2026. ECF No. 22-2. Respondents have filed an audio recording of the hearing. It appears the hearing was held pursuant to a motion filed by petitioner. When asked by the immigration judge if petitioner had an order for a hearing, counsel for petitioner indicated that petitioner did and it was attached to the motion. ECF No. 23 at 0:35-0:50. There is no indication the immigration judge ever reviewed the order and his conduct during the hearing suggests he did not. The judge denied petitioner release based solely upon his 2024 convictions for felony false imprisonment and annoying or molesting a child under 18 arising from events occurring in 2022 for which petitioner was sentenced to 2 days jail time already served, 2 years of probation and petitioner was required to register in California as a sex offender. 1:26-cv-0693 DJC CKD P ECF No. 8-2; ECF No. 23 at 1:10-41. When informed of the convictions and consequences by counsel for petitioner without inquiring as to facts underlying the convictions or anything else suggesting petitioner may or may not be dangerous or a flight risk and without any suggestion that the judge was aware of the standard of proof required at the hearing, the judge said, "He's not getting out, not in my court, not for a sex offense, just not happening." ECF No. 23 at 1:10-50. After making this pronouncement, counsel for petitioner indicated he filed a letter from the victim and that the incident involved no touching, only words. Id. at 2:05-2:22. Nothing suggests the court reviewed the letter and the judge went on undeterred: "I am not letting out any registered sex offenders on my watch, it's just not happening. You can take it up on appeal if you want, but that's where I draw the line." Id. at 2:44-2:50. "Look, you are not going to change my mind on this, you can take me up if you want." "He can apply for whatever he wants in court." Id. at 5:10-5:30. At the end of the hearing, the court asked counsel for petitioner if he wished to withdraw his motion for a bond hearing since the court was going to deny it anyway, and counsel indicated he did. Id. at 7:30-8:10. However in the order issued following the hearing, the judge denied release "because Danger. Registered sex offender." ECF No 22-2.

Even if this second hearing were timely, DHS was not held to the burden of proof required by the March 31, 2026, order. Respondent concedes as much. ECF No. 22 at 1-2. Nothing suggests the immigration judge was aware of the required burden of proof or that it was employed. While it appears DHS counsel was present at the hearing, interaction was limited to an indication that there was no objection to petitioner being allowed to withdraw his motion as opposed to release being denied. DHS put forward no evidence and no argument. Furthermore, the immigration did not require any evidence or argument tending to show that actions committed by petitioner 4 years prior of which the judge was aware only categorically rendered petitioner presently

The parties agree a new hearing is warranted (ECF No. 22 & 25 at 2) so that will be the recommendation of this court.

The court notes that while this action was pending, petitioner was transferred from McFarland to El Paso, Texas. ECF No. 27. Respondents are correct that petitioner's transfer does not deprive this court of jurisdiction over this action. Jurisdiction for a 28 U.S.C. § 2241 petition for writ of habeas corpus lies if the petitioner was confined within the district when the petition was filed. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990) (§ 2241 petition must be brought in the district of confinement); see also Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) and Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'") (quoting Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985)); see also Ogborn v. Fed. Bureau of Prisons, No. CR-04-84-GF-BMM, 2023WL 3435303, at *3 (D. Mont. May 12, 2023) (noting a split within the Ninth Circuit on whether personal jurisdiction vests after BOP transfers a habeas prisoner, finding maintaining jurisdiction after an out-of-district transfer "makes sense in practice," and affirming its previous determination that transfer had not divested the court of its personal jurisdiction).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 20) be GRANTED.
2. The Executive Office of Immigration Review and Department of Justice be ordered to provide petitioner a hearing before an immigration judge where continued detention be permitted only if the Department of Homeland Security demonstrates by clear and convincing evidence that petitioner presents an unacceptable risk of flight or that petitioner is a danger to the community. The hearing be ordered to commence no later than 14 days from the adoption of these findings and recommendations. Failure to commence the hearing within 14 days or failure of the immigration judge to assign the burden of proof as directed herein should be grounds for release.

---

dangerous; an obvious requirement considering the burden of proof ordered by this court.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc2920.imm.frs